DOWNEY, Judge.
On January 23, 1979, the State filed a Petition for Adjudication of Delinquency against J. L. H., a child. On January 29, 1979, the State filed a Motion for Waiver of Jurisdiction and a Motion to Compile Report pursuant to Motion to Waive Jurisdiction. On February 1, 1979, the trial court, pursuant to the State’s motion, ordered the Department of Health and Rehabilitative Services to conduct a study and compile a report with respect to appellee in accordance with Section 39.09(2)(b), Florida Statutes (1978 Supp.).
Thereafter, the trial court granted the motion of J. L. H. to dismiss the State’s petition • for waiver of jurisdiction. The State thereupon filed a notice of appeal which we have treated as a petition for writ of certiorari.
The trial court granted the motion to dismiss the State’s motion for waiver of jurisdiction on the ground that the State Attorney had failed to comply with Florida Rule of Juvenile Procedure 8.160(a) and Section 39.09(2)(a), Florida Statutes (1978 Supp.) by failing to consult with the appropriate intake officer prior to filing the motion to waive jurisdiction.
*987 Section 39.09(2)(a), Florida Statutes (1978 Supp.)[1] and Florida Rule of Jevenile Procedure 8.160(a)[2], generally provide that after a delinquency petition has been filed and before an adjudicatory hearing on the petition, and after consulting with an intake officer, the State Attorney may file a motion requesting the court to waive its jurisdiction and transfer the child to the appropriate court for prosecution as an adult. After the State Attorney consults with the intake officer the decision to request a transfer of the child to an adult court is solely that of the State Attorney. He may totally disagree with the intake officer’s recommendation. Therefore, to suggest that the omission of the State Attorney to consult with an intake officer is a sufficient ground for dismissing or denying the petition for transfer seems to us to miss the mark. The provisions of the statute or rule are directory only. They recommend a procedure to assist the State Attorney in arriving at an informed judgment as to whether to proceed to juvenile court or adult court. However, since he may disregard the intake officer’s recommendation after receiving it, we fail to see why omitting that consultation should result in denial or dismissal of the petition.
When the State Attorney in the case moved for waiver of jurisdiction, the trial court entered an order pursuant to Section 39.09(2)(d), Florida Statutes (1978 Supp.), directing the Department of Health and Rehabilitative Services to study and complete a report with respect to the child so that the court would be better advised in granting or denying the motion for waiver of jurisdiction.
On this record absolutely no prejudice has been shown which might accrue to the child involved because the State Attorney did not consult with the intake officer prior to filing the waiver motion. Accordingly, the order being reviewed is quashed and the cause is remanded with directions that the court reconsider the motion for waiver of jurisdiction and the report from the Department of Health and Rehabilitative Services and any other pertinent factors relevant to the issue raised by the waiver motion.
LETTS, C. J., and ANSTEAD, J., concur.

. “Within 7 days, . . ., of the date a delinquency petition has been filed and before an adjudicatory hearing, and after considering the recommendation of the intake officer, the state attorney may file a motion requesting the court to transfer the child for criminal prosecution

. “The state attorney may, within five (5) days of the date a delinquency petition has been filed, or later with the approval of the court, and before a hearing [of] a petition on its merits, and following consultation with the intake office, file a motion requesting the court to waive its jurisdiction and certify the case to the appropriate court for trial as if the child were an adult as provided by law.”